# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-454 SNLJ |
| | ) | |
| MCMAHON FORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's pro se Motion to Compel (#41) and Memorandum for Clerk (#44), which is a request that (1) the Clerk issue a subpoena to the Missouri Commission on Human Rights and have the subpoena served by the United States Marshal, and (2) the Clerk issue a summons for John A Schicker.

The Motion to Compel is devoid of any explanation for what discovery plaintiff seeks. In addition, defendants state that the plaintiff failed to comply with the spirit of the Court's "meet and confer" rules. Fed. R. Civ. P. 37(a)(1); Local Rule, E.D. Mo. Local Rule 37-3.04(A). Because plaintiff has utterly failed to comply with the Rules, and because plaintiff failed to provide any information or argument regarding the discovery to which he says he is entitled, the Motion to Compel will be denied.

Next, plaintiff seeks service of a subpoena on the Missouri Commission on Human Rights by the U.S. Marshal. For the following reasons, the Court will not direct the U.S. Marshal to serve the subpoena duces tecum submitted by plaintiff, but rather will direct the Clerk to send plaintiff a blank subpoena form, which plaintiff shall complete in accordance with the directions in this Order.

The Court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." U, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties. *See, e.g.*, *Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985).

Courts exercising inherent supervisory power over *in forma pauperis* subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case. *See Jackson v. Brinker*, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]" When reviewing subpoenas duces tecum directed to non-parties, a court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense. *Jackson*, 1992 WL 404537, at *5.

> If a court finds that an indigent party's requests for issuance and service of subpoenae duces tecum directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoenae.

Id. at *7.

The completed subpoena duces tecum plaintiff submitted is directed the Missouri Commission on Human Rights. Plaintiff's accompanying Memorandum for Clerk states only his request for service of the subpoena. That information is not sufficient for this Court to order issuance and service. Plaintiff must include the following information for each subpoena he requests in this case: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific

2

documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's claims in this lawsuit; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents. The requests should be typewritten or neatly printed, and the <u>full address</u> for production of the documents must be included. The Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper.

The Court will direct the Clerk to send plaintiff a blank subpoena form. Plaintiff may fill out the subpoena form as directed in this Order and return it to the Court along with a Memorandum for Clerk requesting that the subpoena be served. Plaintiff <u>should not sign</u> the subpoena, as it will be signed by the Clerk after it is returned to and reviewed by the Court.

If plaintiff requests additional blank subpoena forms in the future, each such request must be accompanied by a Memorandum for Clerk that includes the above-described information for each requested subpoena

Finally, plaintiff named "William Schicker" as a defendant in his amended complaint, but he then filed a notice (#38) saying he intends to name "John Schicker." It appears that John and William are two distinct people, and both of them appear to be represented by William Schicker's attorney. Therefore, plaintiff's "notice of misnomer" may be improper. If plaintiff intends to dismiss William Schicker and add John Schicker as a defendant, he should file such a motion, and he should file an amended complaint. In that case, service of process may not be necessary because counsel for John Schicker may be willing to waive service of process in accordance with Federal Rule of Civil Procedure 4(d).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Compel (#41) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send plaintiff one blank subpoena form, which plaintiff may fill out as required by this Memorandum and Order and return to the Court with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal.

**IT IS FURTHER ORDERED** that if plaintiff requests additional blank subpoena forms in the future, each such request must be accompanied by a Memorandum for Clerk that includes the following information for each requested subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's claims; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents.

**IT IS FINALLY ORDERED** that plaintiff shall, no later than June 25, 2014, move to dismiss William Schicker and separately file an Amended Complaint that names John Schicker as a defendant if that is in fact his intention.

_____
**STEPHEN N. LIMBAUGH, JR.**
**UNITED STATES DISTRICT JUDGE**

Dated this   3rd   day of June, 2014.