UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:14-cv-454 SNLJ |
| | ) | |
| MCMAHON FORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's requests for issuance of subpoenas (#54, #77, #128).   This matter is also before the Court on defendant's Motion to Compel (#49). On June 3, 2014, this Court set forth the procedure by which plaintiff, who is proceeding pro se, should follow in obtaining documents from third parties.   Plaintiff suggests that the Court's requirements are inappropriate in light of the Federal Rules of Civil Procedure.   In particular, plaintiff states that the Clerk "must" issue a subpoena to a party who requests it, citing Rule 45(d)(3).   (#88.)   However, a plaintiff's ability to subpoena documents is subject to the relevance standards of Federal Rule of Civil Procedure 26(b)(1). *Transcor, Inc. v. Furney Charters, Inc*., 212 F.R.D. 588, 591 (D. Kan. 2003); *see also Tuvalu v. Woodford*, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, *5 (E.D. Cal. Nov. 2, 2006) (cited by *Stockdale v. Stockdale*, 4:08-CV-1773 CAS, 2009 WL 4030758 (E.D. Mo. Nov. 18, 2009)).   Thus, the Court required plaintiff to explain the relevancy of his requests in addition to supplying name, address, and a description of the documents sought.

Plaintiff appears to seek documents from the Missouri Commission on Human Rights ("MCHR"), specifically all complaints within the last ten years against the defendants.   Plaintiff's

1

claim against defendants is for race discrimination. Plaintiff's requests as they stand now appear to be nothing more than fishing expeditions. Although plaintiff makes the conclusory allegation in his complaint (which is currently the subject of a pending motion to dismiss) that defendants have engaged in a pattern and practice of racial discrimination, he does not identify any other instances of racial discrimination by defendants. Relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the concept of relevance "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). A "fishing expedition" is what plaintiff appears to seek with his blanket request of all MCHR complaints for the last ten years against his former employer. Plaintiff's charge of discrimination with the MCHR states that the "Used Car Manager has a history of racial bias toward African Americans based on complaints of discrimination by other African American employees who worked with him," but again that allegation contains no specific allegations to permit such broad discovery requests.

Issuance of the requested subpoena is therefore premature. Perhaps plaintiff will be able to bolster his allegations against defendants after going through the standard discovery channels. However, the Court notes that plaintiff has not been holding up his end of the parties' discovery obligations according to the defendants' Motion to Compel (#49). Plaintiff has not responded to that Motion to Compel, which states that plaintiff has not responded to defendants Ted Dickey and McMahon Ford Co.'s discovery requests nor filed his Rule 26(a)(1) disclosures as of June 23, 2014. According to a recently-filed Motion for Sanctions (#131) filed by defendants, plaintiff has still not responded to those requests or even made his Rule 26(a)(1) disclosures. Plaintiff has filed numerous documents with the Court in the past several months, including memoranda citing

2

to and relying upon the Federal Rules of Civil Procedure. Plaintiff is not permitted to choose which among those Rules he will follow. Defendants state in their motion for sanctions that plaintiff has stated he will not comply with discovery requests or other discovery obligations until he is appointed counsel. As plaintiff has been repeatedly told, he has no right to appointment of counsel in a civil case. Plaintiff's case is factually and legally straightforward, and he appears to be able to represent himself capably. Although the Court will continue to monitor this case, plaintiff's most recent requests for appointment of counsel will be denied (#123, #129, #133) for the reasons the previous motions have been denied. Plaintiff <u>must</u> comply with the defendants' discovery requests and serve his initial disclosures upon defendants no later than September 29, 2014. Should plaintiff not comply with this Order, the Court will be required to consider sanctioning plaintiff --- including dismissing plaintiff's case entirely --- for failure to comply with the Court's rules and orders. *See* Fed. R. Civ. P. 37(b). Plaintiff should also be aware that he may be responsible for the defendants' attorneys' fees and expenses. *See* Fed. R. Civ. P. 37(a)(5).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's requests for issuance of subpoena is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motions for appointment of counsel (#123, #129, #133) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendants' motion to compel (#49) is **GRANTED**.

**IT IS FINALLY ORDERED** that plaintiff shall respond to the discovery requests served by defendants and serve his initial disclosures pursuant to Rule 26(a)(1) <u>no later than September 29, 2014</u>.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING DISMISSAL OF THIS CASE AND IMPOSITION OF ATTORNEYS' FEES AND EXPENSES.**

Dated this <u>12th</u> day of September, 2014.        _____
      STEPHEN N. LIMBAUGH, JR.
      UNITED STATES DISTRICT JUDGE