# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:14-cv-454 SNLJ |
| | ) | |
| MCMAHON FORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Currently before the Court are defendants' Motion for Sanctions (#131) and Motions to Dismiss (#150, #152). On September 12 and 19, 2014, this Court ordered plaintiff to respond to defendants' discovery requests and fulfill his discovery obligations under Federal Rule of Civil Procedure 26(a)(1) no later than September 29, 2014.  This Court warned that failure to comply could result in sanctions, including dismissal of his case and imposition of attorneys' fees and expenses.  Plaintiff sought and received an extension of time by which to comply to October 1, 2014.[1]  Defendants filed their latest motion to dismiss on October 3 because plaintiff had failed to file his responses by that time.  In the meantime, plaintiff had requested that counsel be appointed for him on September 22.  That motion was denied September 25.  Defendants state that plaintiff emailed defense counsel on October 2, said he was working on his responses and would provide them by October 6.  However, plaintiff did not move the Court for another

---

[1] Plaintiff also suggested that he was being treated unfairly with respect to discovery procedures.

1

extension, nor did he offer any explanation for violating this Court's orders, nor did he even serve his responses on October 6 as promised. Finally, on October 7, 2014, plaintiff filed with the Court his discovery responses. Plaintiff did not seek leave to serve his responses out of time or even offer an excuse for his failure to comply with the Court's order.

Plaintiff's discovery responses were due on May 21, 2014. He represented to defense counsel that he would not sit for a deposition or response to written discovery until he was appointed counsel, even though his repeated requests for counsel were denied. Rather than comply with the Federal Rules of Civil Procedure or this Court's orders in a timely fashion, plaintiff has filed repeated requests for counsel and interlocutory appeals with the Eighth Circuit. The Court observes that the rudimentary responses that were ultimately and belatedly filed by plaintiff do not suggest plaintiff had any difficulty completing them.

Because plaintiff is pro se, the Court will permit plaintiff one last chance to show cause why his case should not be dismissed for failure to comply with the Court's orders. Plaintiff must include explanation for why he failed to answer discover requests (or otherwise comply with discovery obligations) in a timely manner. Failure to comply with this Order will result in dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall **SHOW CAUSE** no later than December 29, 2014, why his case should not be dismissed for failure to comply with this Court's orders.

Dated this __18th__ day of December, 2014.

_____
**STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE**